# Exhibit 1

E-FILED; Baltimore County Circuit Court
Docket: 2/8/2022 12:47 PM; Submission: 2/10/2022 12:47 PM

|  |  |
|---|---|
| | * |
| | * |
| | * |
| | * |

\*   IN THE CIRCUIT COURT

\*   FOR

\*   BALTIMORE COUNTY

AARON LOUIS DORSEY
801 Champions Lane
Glyndon, Maryland  21136

\*   Case No.:   C-03-CV-22-000550

    Plaintiff         \*

v.                    \*

                    \*

SAM'S CLUB      \*
15 Texas Station Court
Timonium, Maryland 21093-8263

<u>Serve On</u>:    Resident Agent    \*
               THE CORPORATION TRUST
               2405 York Rd., Suite 201    \*
               Lutherville- Timonium
               21093-2264    \*

                     \*

and                  \*

VEREIT SC TIMONIUM MD LLC    \*
5 Walmart Inc./ Tax Department- 0556
P.O. BOX 8050    \*
Bentonville Arkansas 72716-8050

d/b/a                \*

SAM'S CLUB (No: #6239)    \*
15 Texas Station Court
Timonium, Maryland 21093-8263

<u>Serve On</u>:    Resident Agent    \*
               THE CORPORATION TRUST
               2405 York Rd., Suite 201    \*
               Lutherville- Timonium
               21093-2264    \*

Serve On:    Resident Agent         *
THE CORPORATION TRUST
2405 York Rd., Suite 201    *
Lutherville- Timonium
21093-2264                   *

                                 *

   and                              *

WALMART INC
701 South Walton Blvd.          *
Bentonville, Arkansas 72716
                                *

d/b/a
                                *

SAM'S CLUB (No: #6239)
15 Texas Station Court          *
Timonium, Maryland 21093-8263

Serve On:    Resident Agent         *
THE CORPORATION TRUST
2405 York Rd., Suite 201    *
Lutherville- Timonium
21093-2264                   *

   and                              *

WALMART STORES INC
701 South Walton Boulevard  *
Bentonville, Arkansas 72716
                                *

d/b/a
                                *

SAM'S CLUB (No: #6239)
15 Texas Station Court          *
Timonium, Maryland 21093-8263

Serve On:    Resident Agent         *
THE CORPORATION TRUST
2405 York Rd., Suite 201    *
Lutherville- Timonium
21093-2264                   *

2

and                                            *

SAM'S EAST INC                                 *
702 SW 8th Street
Bentonville, Arkansas 72716                    *

d/b/a                                          *

SAM'S CLUB (No: #6239)                         *
15 Texas Station Court
Timonium, Maryland 21093-8263                  *

Serve On:    Resident Agent                    *
             THE CORPORATION TRUST
             2405 York Rd., Suite 201          *
             Lutherville- Timonium
             21093-2264                         *

                                               *

                                               *

         Defendants                            *

*      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Aaron L. Dorsey, by his attorneys, Jason A.L. Timoll, and the Law Office of Jason A.L. Timoll, hereby sue the Defendants, SAM'S CLUB, VEREIT SC TIMONIUM MD LLC, WALMART INC, WALMART STORES INC, and SAM'S EAST INC, (hereinafter collectively referred to as the "Defendants"), and state as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     At all times material to this case, the Plaintiff, Aaron L. Dorsey ("Mr. Dorsey), has been a resident of Glyndon, Maryland in Baltimore County.

3

2.    At all times material to this case, the Defendants- Sam's Club , Vereit SC Timonium MD LLC, Walmart Stores Inc., Walmart Inc., and Sam's East, have carried on a regular business in Maryland and have been involved in the operation of bulk grocery, electronic and generalized retail store sales, among other things.

3.    At all times material to this case, the Defendants have carried on a regular business in Maryland and have been involved in the sale of bulk grocery, electronic and generalized retail store items, among other things,  while located at 15 Texas Station Ct., Timonium, Maryland  21093 (Store #6239) (hereinafter "Sam's Club") in Baltimore County.

4.    This Court has personal jurisdiction over the Defendants, as to the causes of action set forth herein. The Defendants regularly transact business and perform services in Maryland and thus purposefully avail themselves of the rights and privileges of this state.  The Defendants, caused the tortious injuries for which these causes of action have been brought in Maryland.

5.    Venue lies in Baltimore County, Maryland, pursuant to Md. Code Ann., Cts. & Jud. Proc., §§ 6-201 (b), 6-202 (8) and 6-202 (11). Defendants and/or their agents, servants, and/or employees caused tortious injury giving rise to this action.  In addition, the Defendants, carry on a regular and habitual business in Baltimore County.

6.    This claim is instituted for the recovery of damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

7.    Venue is proper in Baltimore County, Maryland.

## FACTS COMMON TO ALL COUNTS

8.     This case involves Mr. Aaron L. Dorsey who has been a resident Maryland resident for most of his life.  He was born in Baltimore City, Maryland and attended Northern High School. In Baltimore City  Mr. Dorsey attended the Community College of Baltimore and worked as a Senior Inspector for the Westinghouse Corporation from 1973 to 1993.  Subsequently, he worked as a computer engineer for Dell Computers from 1993-2002.  From 2002 to 2007 Mr. Dorsey worked as project manager for the ASI Corporation. In 2007, Mr. Dorsey and his wife opened Granny's Family restaurant which remains currently in existence and operational.

9.     This lawsuit arises from an incident occurring on February 14, 2019, whereby Mr. Dorsey, then a 67-year-old  African-American male in good health, sustained catastrophic and permanent injuries when a two-pronged loading jack was negligently placed directly in the walking path of one of the refrigerated shopping areas, causing Mr. Dorsey, through no fault of his own, to suffer a catastrophic fall.  At the time of the fall, Mr. Dorsey was a customer at the Sam's Club and was therefore accorded the status of an invitee on the Defendants' premises.

10.     The Defendants were the owners and/or operators of the property and consequently owed Plaintiff the highest duty to use reasonable care to maintain the premises safely and to protect him against any unreasonable risk.

11.     The Defendants are responsible for maintaining their equipment within the store in a safe manner to protect individuals from unreasonable risk of injury.

12.     Plaintiff was acting in a careful, reasonable and prudent manner without any negligence  of his own contributing to his injuries.

13.     The Defendants had actual and/or constructive notice of the unsafe condition of its premises and its equipment contained within its premises.

14.     During the evening of February 14, 2019, Mr. Dorsey visited Sam's Club to purchase produce and other items for his restaurant. Upon information and belief, an agent servant or employee of the Defendants', placed a two-pronged loading jack directly into the walking path of the refrigerated walk-in shopping room where Mr. Dorsey was shopping. The Defendants had a duty to maintain their equipment in a safe manner to protect the safety of their business invitees.

15.     While in the walk-in refrigerated shopping area, Mr. Dorsey placed several items of produce in a box that he got at Sam's Club, with the intent of purchasing them at the front payment counters of the store.  Mr. Dorsey secured his grip on the box and proceeded to exit the walk-in room in a typical and reasonable manner. Upon exiting, and through no negligence of his own, Mr. Dorsey fell on the loading jack that was negligently left directly in the walkway and suffered a catastrophic fall requiring immediate medical treatment.

16.     Mr. Dorsey was taken to University of Maryland St, Joseph's Hospital, where it was determined that he suffered a massive shoulder injury as well as pain and damage to the area of his left ankle/foot, upon which he could bear no weight, among other injuries.  On or about February 20, 2019, Mr. Dorsey was seen by the practice of Towson Orthopaedic Associates for the first time and treated primarily by Drs. David Schroder and Brian Shiu. It was there that Mr. Dorsey was diagnosed as suffering from a severely ruptured left Achilles tendon and total left rotator cuff tear in the area of his left shoulder. Mr. Dorsey was treated by Towson Orthopaedic Associates for over a

year for the injuries he suffered as a result of the Defendant's negligence. Dr. Schroder subsequently referred Mr. Dorsey to seek rehabilitative care to assist with his healing process.   On or about April 2, 2019 Mr. Dorsey had his first appointment for rehabilitation at Medstar Hunt Valley Physical Therapy for rehabilitative treatment of both his left shoulder and left ankle/Achilles injuries. On or about July 16th, 2019, Dr. Shiu discussed with  Mr. Dorsey, the risks and benefits of having full reverse shoulder arthroscopy surgery to repair Mr. Dorsey's left rotator cuff tear.  Mr. Dorsey and Dr. Shiu both agreed that the surgery was necessary and on March 15, 2020, Mr. Dorsey underwent a full left shoulder arthroscopy surgery to repair his left rotator cuff. Subsequent to this surgical procedure and for purposes of further rehabilitation, Dr. Schroder and Dr. Shiu referred Mr. Dorsey to back Medstar Hunt Valley Physical therapy for rehabilitative treatment that would continue for more than a year.  The total of the medical bills incurred by Mr. Dorsey at Towson Orthopedics as a result of the negligence of the Defendants was approximately $18,582.00.   The total  amount of the medical bills from  Medstar Hunt Valley Physical Therapy incurred by Mr. Dorsey as a result of the negligence of the Defendants was approximately $11,566.06.  The total of the medical bills that Mr. Dorsey incurred from the University of Maryland St. Joseph's Hospital as a result of the negligence of the Defendants was  approximately $25, 228.17.

17.    Following over a year of physical therapy and rehabilitation Mr. Dorsey was still not able to regain full strength or mobility in his left shoulder and was unable to ambulate steadily due to his lack of strength and balance that has developed a result of the left Achilles rupture. Feeling a perpetual sense of imbalance and discomfort, Mr.

Dorsey was referred by his primary care physician to seek physical/occupational therapy to assist him with his ambulation and gait. On or about February 2, 2021, Mr. Dorsey began receiving therapy at Active Life Physical Therapy. After several months, Mr. Dorsey submitted to the reality that his strength and balance was not improving from the treatment he was receiving and did not return to that practice for further care.

18.     In March of 2021, Mr. Dorsey was evaluated by Physiatrist Dr. Michael April, of the Pain and Injury Center of Greater Washington, to assess his current and future medical needs. Dr. April evaluated Mr. Dorsey and spoke at length with him and his wife about their daily activity and the limitations that Mr. Dorsey now endures as a result of his fall. Dr. April compiled an evaluation report that details Mr. Dorsey's physical limitations and that projects his current and future needs that exist solely as a result of the Defendants' negligence, to total approximately $530,504.00 dollars.

19.     Plaintiff's serious, severe and forseeable injuries as described above were solely as a result of the unsafe conditions of the Defendants' store and the negligent and dangerous placement of equipment directly in the walking path of a room designed for invitee/customers to shop in and which necessarily requires invitees to ingress and egress from the room.

20.     As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, Mr. Dorsey has suffered, and will continue to suffer, severe, excruciating, and permanent injuries including, but not limited to, those listed above which have left him with debilitating pain, reliant on assistive ambulatory and walking devices for walking certain distances, permanent loss of motion, permanent loss of strength, permanent loss of balance, humiliation and embarrassment, great mental

anguish, loss of bodily function, loss of income, future lost wages, future lost wage earning capacity, future medical care costs, and has been forced to, and will continue to be forced to, incur enormous expenses for hospital and medical care.

21.    As a further result of the injuries sustained by Mr. Dorsey, his wife, Mrs. Dorsey, has had to provide assistive and compensatory care to him.  Mrs. Dorsey's life is consumed with the responsibility of caring for all of Mr. Dorsey's needs, which include assistance with  his activities of daily living.

22.    Mr. Dorsey continues to suffer from pain, agony, and mental anguish.  Mr. Dorsey's injuries are permanent in nature and include, among other things:  (1) pain that radiates up and down his left leg from his ankle up to his thigh, (2) instability and lack of balance while walking due to the damage done to his Achilles tendon; (3) severe pain, weakness and lack of an ability to elevate his left shoulder; (4) significant lower back pain, including sharp and/or throbbing pain radiating into his legs; (5) numbing/burning in his legs and feet (6) inability to ambulate long distances without assistance devices; and (7) significant weakness in his extremities.

23.    Mr. Dorsey's current condition is permanent and he will require numerous procedures/surgeries over the course of his life.  All injuries sustained by Mr. Dorsey are a result of the incident at Sam's Club (No. 6239) on February 14, 2019, as described above.

## COUNT ONE
### (Negligence/Premises Liability - All Defendants)

24.    Plaintiff incorporates herein all of the allegations contained in the above paragraphs, the same as if those averments were repeated verbatim herein.

25.   Defendants had a legally non-delegable duty to maintain their premises and their property in a safe condition for invitees such as Mr. Dorsey.

26.   Defendants, had a duty to act reasonably and use due care in the operation of their businesses.  At the date and time of Plaintiff's injury, Defendants, individually and/or through their agents, servants, and/or employees, breached that duty and were negligent in the following particulars, among others:

A. Failing to properly supervise the area of the incident so as to furnish to Plaintiff a safe  walking path free from hazards, including but not limited to, negligently placed equipment which were recognized, or should have been recognized, by the Defendants, as causing or likely to cause serious physical harm to Plaintiff and other invitees;

B. Failing to maintain their store and the equipment located therein, in a safe condition to ensure that Plaintiff or any other invitees would not face the risk of falling and injuring themselves as a result of the unsafe obstacles  being placed in the walkway, which existed and which were known, or should have been known, to the Defendants;

C. Failing to warn Plaintiff of the dangerous, defective, and unsafe condition;

D. Failing to maintain the premises owned and/or operated by the Defendants in good and safe condition for the Plaintiff and other invitees;

E. Failing to otherwise comply with the applicable laws and regulations of the State of Maryland and the applicable federal laws and regulations; and

F. Otherwise failing to exercise the degree of care required under the circumstances.

27. As a direct and proximate result of the above-mentioned negligent conduct, inaction, and breach of care by Defendants, Plaintiff has suffered, and/or will suffer, the following significant permanent injuries and damages, among others:

A. Numerous hospitalizations;

B. Increased risk of future surgery and or hospitalizations;

C. Future medical care and treatment;

D. Loss of ability to work in his previous fields of employment;

E. Pain, suffering, and emotional distress;

F. Multiple medical procedures including, but not limited to, surgery to the left shoulder;

G. Medical expenses;

H. Medication expenses;

I. Medical equipment and walking device expenses

J. Therapy expenses;

K. Life care expenses; and/or

L. Lost wages.

28. Mr. Dorsey's injuries resulted solely and proximately from the Defendants' negligence. As a further direct and proximate result of the above-mentioned negligent

11

conduct of the Defendants, Mr. Dorsey has experienced and will experience severe emotional distress, and has and will be legally and otherwise responsible for the above-referenced extraordinary costs and expenses for his care for the rest of his life.

29.    As a further direct and proximate result of the above-mentioned negligent conduct of the Defendants, Mr. Dorsey will continue to be obligated to expend enormous sums of money for medical, hospital, and other care and treatment resulting in economic damages; is precluded from engaging in his normal and usual pursuits and activities; is disabled; is no longer fully employable; and is dependent upon others for numerous activities of daily living.

30.    Had the Defendants, through their actual and/or apparent agents, servants, and/or employees, followed the applicable standards and/or guidelines, Mr. Dorsey would not have suffered the above-identified injuries and damages.

31.    The injuries and damages herein complained of are directly and proximately caused by the negligence of the Defendants with no negligence on the part of Mr. Dorsey contributing thereto.

WHEREFORE, Plaintiff, Mr. Dorsey, requests that judgment be entered in his favor against the Defendants for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT TWO
### (Negligence-Respondeat Superior)

32.    Plaintiff incorporates herein all of the allegations contained in the above paragraphs, the same as if those averments were repeated verbatim herein.

33.     Defendants had a legally non-delegable duty to maintain their premises and their property in a safe condition for invitees such as Mr. Dorsey.

34.     The Defendants were legally responsible for the wrongful/negligent acts of all its' agents, servants and employees.

35.     Defendants, had a duty to act reasonably and use due care in the operation of their businesses.  At the date and time of Plaintiff's injury, Defendants, individually and/or through their agents, servants, and/or employees, breached that duty and were negligent in the following particulars, among others:

G.  Failing to properly supervise the area of the incident so as to furnish to Plaintiff a safe path free from hazards, including but not limited to, negligently placed equipment which were recognized, or should have been recognized, by the Defendants as causing or likely to cause serious physical harm to Plaintiff and other invitees;

H.  Failing to maintain their store and the equipment located therein, in a safe condition to ensure that Plaintiff or any other invitees would not face the risk of falling and injuring themselves as a result of the unsafe obstacles  being placed in the walkway, which existed and which were known, or should have been known, to the Defendants;

I.  Failing to warn Plaintiff of the dangerous, defective, and unsafe conditions;

J.  Failing to maintain the premises owned and/or operated by the Defendants in good and safe condition for the Plaintiff and other invitees;

K. Failing to otherwise comply with the applicable laws and regulations of the State of Maryland and the applicable federal laws and regulations; and

L. Otherwise failing to exercise the degree of care required under the circumstances.

36.    As a direct and proximate result of the above-mentioned negligent conduct, inaction, and breach of care by Defendants, Plaintiff has suffered, and/or will suffer, the following significant permanent injuries and damages, among others:

M. Numerous hospitalizations;

N. Increased risk of future surgery and or hospitalizations;

O. Future medical care and treatment;

P. Loss of ability to work in his previous fields of employment;

Q. Pain, suffering, and emotional distress;

R. Multiple medical procedures including, but not limited to, surgery to the left shoulder;

S. Medical expenses;

T. Medication expenses;

U. Medical equipment and walking device expenses

V. Therapy expenses;

W. Life care expenses; and/or

X. Lost wages.

37.    Mr. Dorsey's injuries resulted solely and proximately from the Defendants' negligence. As a further direct and proximate result of the above-mentioned negligent

conduct of the Defendants, Mr. Dorsey has experienced and will experience severe emotional distress, and has and will be legally and otherwise responsible for the above-referenced extraordinary costs and expenses for his care for the rest of his life.

38.     As a further direct and proximate result of the above-mentioned negligent conduct of the Defendants, Mr. Dorsey will continue to be obligated to expend enormous sums of money for medical, hospital, and other care and treatment resulting in economic damages; is precluded from engaging in his normal and usual pursuits and activities; is disabled; is no longer fully employable; and is dependent upon others for numerous activities of daily living.

39.     Had the Defendants, through their actual and/or apparent agents, servants, and/or employees, followed the applicable standards and/or guidelines, Mr. Dorsey would not have suffered the above-identified injuries and damages.

40.     The injuries and damages herein complained of are directly and proximately caused by the negligence of the Defendants with no negligence on the part of Mr. Dorsey contributing thereto.

WHEREFORE, Plaintiff, Mr. Dorsey, requests that judgment be entered in his favor against the Defendants for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

Jason A.L. Timoll
The Law Office of Jason A.L. Timoll
CPF No: 0512150260
2330 W. Joppa Rd., Suite 203
Lutherville, Maryland 21093
Phone: 443-682-7076
Email: jason@timoll-lawfirm.com
(Fax) 410-630-7746


Counsel for the Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff hereby requests that the claims in this case be tried by a jury.

Jason A.L. Timoll